Case 1:24-cv-00039-JPJ-PMS   Document 23   Filed 07/25/25   Page 1 of 8
                                Pageid#: 61

CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
July 25, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **WILLIAM BRISKI,** | ) |
| | ) |
| Plaintiff, | ) Case No. 1:24CV00039 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **DEPUTY SHERIFF C.D. WRIGHT** | ) JUDGE JAMES P. JONES |
| **and WYTHE COUNTY, VIRGINIA,** | ) |
| | ) |
| Defendants. | ) |

*William Briski, Pro se; Cameron S. Bell,* PENN STUART & ESKRIDGE, *Abingdon, Virginia, for Defendant Wythe County, Virginia.*

The plaintiff in this case alleges that a sheriff's deputy discriminated against him while investigating a car accident by favoring the explanation of the other driver, who he claims was a local resident of the area. Defendant Wythe County, Virginia (Wythe County), moves to dismiss on multiple grounds, including res judicata. For the reasons that follow, I must grant Wythe County's motion and dismiss the claims against the defendant sheriff's deputy, as well.

I. BACKGROUND.

I must accept the following facts from the Complaint as true for the purpose of evaluating the Motion to Dismiss.

On the evening on June 17, 2021, Briski was driving west on Route 21 in Wythe County when Renee Johnson drove her car into his driver's side door. She

was texting at the time and made no attempt to avoid the contact. After two Wythe County deputies arrived, one of the defendants in this case, Deputy C.D. Wright, spoke to each driver. Briski told him Johnson did not have her headlights on, and Johnson told him that she had not been texting at the time of the accident. Briski claims that Deputy Wright's police report wrongly reflected Johnson's story because he was biased toward her for being a local resident of Wythe County and against Briski for being from out-of-town. Johnson was permitted to leave instead of being issued citations for reckless driving, failure to yield the right of way, driving without headlights, texting while driving, and making a false statement to the police.

    Briski contends that Deputy Wright's false police report obstructed justice and denied Briski of his constitutional right to equal protection by siding with a local driver. Briski previously filed a suit in the Circuit Court of Wythe County against Wythe County.[1] That case was dismissed with prejudice when the state judge sustained Wythe County's Demurrer and Plea in Bar, which Briski did not appeal. Mem. Supp. Mot. Dismiss Ex. 2, Final Order, ECF No. 17-2. Briski first brought this federal suit in the Northern District of New York. It was transferred by a sua sponte order of that court to the Western District of Virginia. Order, ECF No. 12.

---

[1] Aside from slight differences in wording, the main difference is that, in this case, Briski added a three-paragraph handwritten note requesting a bench trial in Albany, New York, for a violation of the Fourteenth Amendment's Equal Rights Clause.

Briski brought this action against Deputy Wright and Wythe County. Wythe County moves to dismiss the complaint on multiple grounds including res judicata, the statute of limitations, a failure to state a claim, a lack of a civil cause of action in Virginia for obstruction of justice, Wythe County's sovereign immunity to tort liability, and a failure to adequately allege a cause of action under 42 U.S.C. § 1983.

## II.  DISCUSSION.

### A. Claims Against Wythe County.

Wythe County argues that Briski's suit must be dismissed on the ground of res judicata, among other reasons. I agree.

Res judicata is an affirmative defense. Fed. R. Civ. P. 8(c)(1). It should be decided on a motion to dismiss only when its applicability is clear from the face of the complaint. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000). I apply Virginia res judicata law because the state court order was entered by the Wythe County Circuit Court. I find that Virginia claim preclusion law is not incompatible with federal interests. *See Q Int'l Courier, Inc. v. Smoak*, 441 F.3d 214, 218, 218 n.1 (4th Cir. 2006).

Virginia Supreme Court Rule 1:6(a) states,

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, is forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the

    second or subsequent action were raised in the prior lawsuit, and
regardless of the legal elements or the evidence upon which any claims
in the prior proceeding depended, or the particular remedies sought.

The burden of proving res judicata is on the proponent of its applicability. *Q Int'l Courier, Inc.*, 441 F.3d at 219.

    Res judicata is a "practical doctrine[ ]" that considers "whether the party has previously had a fair shot with respect to the claims raised in the present action." *SAS Inst., Inc. v. World Programming Ltd*, 874 F.3d 370, 378 (4th Cir. 2017) (internal citation and quotation omitted). "As a general proposition, a judgment of dismissal which expressly provides that it is 'with prejudice' operates as res judicata and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff." *Raley v. Haider*, 747 S.E.2d 812, 815 (Va. 2013) (internal quotation marks, citation, and alterations omitted). For res judicata to apply, "there must be an identity of parties between the present suit and the prior litigation asserted as a bar." *Id.* (internal quotation marks and citation omitted).

    Here, the state court dismissed Briski's case against Wythe County with prejudice. Final Order, ECF No. 17-2. The Complaint in the state court case is almost identical to the one filed here. However, Briski added a short, handwritten note to his federal Complaint which states that Briski is complaining of a violation of his Fourteenth Amendment right to equal protection. But the original complaint also alleges that "Deputy C.D. Wright . . . denied me my constitutional right to equal

4

right [sic]." Mem. Supp. Mot. Dismiss Ex. 1, State Compl. 3, ECF No. 17-1. While Briski brought the state court case against Johnson and her mother, and did not do so for his federal case, Wythe County is a defendant in both cases. As a result, Briski's claims against Wythe County must be dismissed with prejudice under the doctrine of res judicata.

Wythe County raises multiple other arguments in its Motion to Dismiss, but because the above ground require dismissal with prejudice, I do not address them.

### B. Claims Against Deputy Wright.

Deputy Wright has not appeared in this case, and the Motion to Dismiss was filed only on behalf of Wythe County.[2] Nevertheless, I find that the applicable statute of limitation bars his claims and justifies a sua sponte dismissal of the action against him.[3] As stated by the Fourth Circuit,

---

[2] Only Wythe County appears to have been served in this lawsuit. While Briski filed two summonses that he labeled on the docket as having been executed, the summons for Deputy Wright indicates that a process server served an individual at the Wythe County sheriff's office but not Deputy Wright specifically. Summons 2, ECF No. 14. The form indicates that the individual served was authorized to accept service on behalf of the sheriff's office, but no showing is made that Deputy Wright was personally served or even has any knowledge of this lawsuit.

[3] While res judicata requires the dismissal of Briski's action against Wythe County, it arguably does not apply to the action against Deputy Wright. This is because Deputy Wright was not a party to the state court lawsuit. For res judicata to also bar this suit against him, he must have been in privity with a party to the prior litigation. "Privity is a mutual or successive relationship to the same rights of property, or such an identification in interest of one person with another as to represent the same legal rights, and when applied to a judgment or decree refers to one whose interest has been legally represented at the trial." *Lane v. Bayview Loan Servicing, LLC*, 831 S.E.2d 709, 714 (2019) (internal quotation

>Although a court generally possesses no strong institutional interest in the enforcement of a statute of limitations, we have recognized that a statute of limitations defense may properly be raised *sua sponte* by a district court in certain narrow circumstances. Specifically, we have permitted *sua sponte* consideration of the statute of limitations when such a defense plainly appears on the face of either a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, *see Hill v. Braxton,* 277 F.3d 701, 706 (4th Cir. 2002), or a complaint filed in forma pauperis pursuant to 28 U.S.C. § 1915, *see Nasim v. Warden, Md. House of Correction,* 64 F.3d 951, 953–54 (4th Cir.1995).

*Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006). While Briski is not suing in forma pauperis, he has responded to the statute of limitations issue when raised by Wythe County and I find that dismissal sua sponte on this ground is consistent with precedent.

Congress has not provided for a federal statute of limitations for § 1983 claims. As a result, courts must utilize the statute of limitations applicable to general personal injury actions in the state where the tort allegedly occurred. *Owens v. Okure*, 488 U.S. 235, 239, 250 (1989). Such actions in Virginia are subject to Va. Code Ann. § 8.01-243(A) and must be filed within two years from the date on which the claim accrues.[4] *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018). A § 1983

---

marks, citation and alterations omitted). Deputy Wright is not an employee of Wythe County. Instead, he is employed by the Sheriff of Wythe County. *See Roop v. Whitt*, 768 S.E.2d 692, 695 (Va. 2015) (A "sheriff's deputy is the employee of the sheriff, not the local government"). However, whether Deputy Wright in in privity with Wythe County for res judicata purposes need not be decided, because Briski lawsuit against Deputy Wright is denied for other reasons.

[4] In his Response to the Motion to Dismiss, Briski argues that his Complaint brings "a civil rights violation" that "was filed within the three year [sic] statute of limitations."

claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim*, 64 F.3d at 955. Here, Briski possessed sufficient facts about the incident at the time Deputy Wright filed his police report in June 2021. The statute of limitations expired in June 2023, and he brought this suit on June 13, 2024. Compl., ECF No. 1. His state court case remained pending for about four months in 2023, so to the extent that it tolled the statute of limitations — notwithstanding that his claims against Wythe County fail because of res judicata as a result — those four months are not enough to sufficiently extend the statute of limitations. As a result, Briski's claims against Deputy Wright, which I construe as § 1983 claims, fail for being time-barred. I must dismiss his claims against Deputy Wright with prejudice. *See Foy v. Giant Food Inc.*, 298 F.3d 284, 291 (4th Cir. 2002) (affirming a district court's dismissal of a case with prejudice because the complaint was time-barred).

### III. CONCLUSION.

For the foregoing reasons, the Motion to Dismiss, ECF No. 16, is GRANTED. The claims against Wythe County and Deputy Wright are dismissed with prejudice. A separate Judgment will be entered forthwith.

It is so **ORDERED**.

---

Resp. Mot. Dismiss 3, ECF No. 20. While he does not cite any authority for his claim that a three-year statute of limitations applies, *DePaola* is clear that § 1983 actions in Virginia have a two-year statute of limitations.

ENTER: July 25, 2025

/s/  JAMES P. JONES
Senior United States District Judge

8